UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MOURAD BARAKET,

                    Petitioner,

    -against-

ANDREA QUARANTILLO, New York District
Director, United States Citizenship and Immigration
Services; JANET NAPOLITANO, Secretary of the
Department of Homeland Security; and ERIC
HOLDER, Attorney General of the United States,

                    Respondents.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

**MEMORANDUM & ORDER**

**09-CV-3547 (NGG)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 3 1 2012 ★
BROOKLYN OFFICE

Petitioner Mourad Baraket ("Petitioner") brings this petition for de novo review, pursuant to 8 U.S.C. § 1421(c), of the denial of his petition for naturalization. On January 3, 2012, Respondents Andrea Quarantillo, Janet Napolitano, and Eric Holder ("Respondents") moved to dismiss Petitioner's claim under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. (Resp'ts Mot. (Docket Entry # 11) at 1.) They assert that since Petitioner has an outstanding final order of removal against him, he is statutorily ineligible for naturalization pursuant to 8 U.S.C. § 1429. (Resp'ts Mem. (Docket Entry # 11-2) at 2.) For the reasons set forth below, Respondents' motion to dismiss is GRANTED.

**I.    BACKGROUND**

    **A.    Removal Proceedings**

Petitioner, a native-born citizen of Tunisia, entered the United States on May 11, 1996. (Id. at 2.)[1] On September 8, 2003, Petitioner pled guilty to four counts of Grand Larceny in the Third Degree in the Supreme Court of New York. (Id.) Before sentencing, Petitioner traveled

---

[1]    In Petitioner's Response, he states that Respondents have correctly stated the procedural background of the case. (Pet'rs Resp. (Docket Entry # 11-1) at 3.)

1

outside the United States. (Id.) When he returned on October 25, 2003, Petitioner was ordered to appear for a deferred inspection in New York. On November 14, 2003, Petitioner was sentenced to a five-year term of probation and ordered to pay restitution in the sum of $55,618. (Decision on Review of Denial of Naturalization Application (Ex. to Pet. (Docket Entry # 1)) at 4.) On April 30, 2004, Petitioner was placed in removal proceedings. (Resp'ts Mem. at 2.)

On October 25, 2006, Petitioner appeared before an Immigration Judge ("IJ"), who, on November 15, 2006, ordered that Petitioner be removed. (Id. at 3.) Petitioner filed a motion to reopen on December 13, 2006, which was granted by the IJ. (Id.) Petitioner again appeared before an IJ, and on August 3, 2007, Petitioner was again ordered removed. (Id.)

Petitioner appealed this decision to the Board of Immigration Appeals ("BIA") on August 13, 2007. (Id.) The BIA dismissed the appeal on January 30, 2009, rendering the order of removal final. 8 U.S.C. § 1101(a)(47)(B); (Id.). The BIA denied a motion to reconsider in July of 2009. (Resp'ts Mem. at 3.)

Petitioner then appealed both the dismissal of the administrative appeal and the denial of the motion to reconsider to the United States Court of Appeals for the Second Circuit. (Id.) The Court of Appeals denied the petition for review on January 18, 2011. Baraket v. Holder, 632 F.3d 56, 56 (2d. Cir. 2011).

### B.   Application for Naturalization

On November 30, 2007, Petitioner applied for naturalization with the United States Citizenship and Immigration Service ("USCIS") while his removal proceedings were still ongoing. (Resp'ts Mem. at 3.) On June 30, 2008, Petitioner was interviewed by the USCIS. (Decision on Review of Denial of Naturalization Application at 4.) On September 26, 2008,

USCIS denied his application because Petitioner could not establish the good moral character required to become a citizen. (Id. at 4.)

On October 16, 2008, Petitioner filed a request for a hearing to review the denial of his naturalization application with the District Director of the USCIS. (Id.) On April 17, 2009, the District Director upheld the denial of his application because Petitioner was "unable to overcome the grounds for the original denial," which consisted of his failure to meet the good moral character requirements due to his prior conviction. (Id.)

### C. Petition for Review and Motion to Dismiss Before this Court

Petitioner filed the instant Petition for Review on August 14, 2009, pursuant to 8 U.S.C. § 1421(c). (Pet. at 1.) He requests de novo review of the USCIS's decision to deny his application for naturalization. (Id.)

On January 3, 2012, Respondents filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Resp'ts Mot. at 1.) They assert that, due to the final order of removal against him, Petitioner is statutorily ineligible for naturalization, and thus, no relief can be granted. (Resp'ts Mem. at 5-6.)

## II. STANDARD OF REVIEW

### A. Naturalization Proceedings

A person whose application for naturalization has been denied before an immigration officer under 8 U.S.C. § 1447(a) may seek review of the denial before a district court. 8 U.S.C. § 1421(c). The review is de novo and the court must make its own findings of fact and conclusions of law. Id. "[N]o person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest . . . ; and no application for naturalization shall be considered by the Attorney General if there is pending against the

3

applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act . . . ." 8 U.S.C. § 1429. Although § 1429 does not explicitly limit a district court's jurisdiction in naturalization matters, a "district court cannot compel the Attorney General to 'grant [the alien's] application for naturalization,' because 'the statutory bar of § 1429' cannot be overcome by 'judicial fiat.'" Ajlani v. Chertoff, 545 F.3d 229, 238 (2d Cir. 2008) (quoting Zayed v. United States, 368 F.3d 902, 906 & n.5 (6th Cir. 2004)). "The burden of proof to establish eligibility for naturalization is on the person seeking naturalization." Jaafar v. Immigration & Naturalization, 77 F. Supp. 2d 360, 364 (W.D.N.Y. 1999) (citing 8 U.S.C. § 1429).

### B. Rule 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner. Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Iqbal, 129 S. Ct. at 1950.

## III. DISCUSSION

Respondents contend that the petition should be dismissed because Petitioner is statutorily ineligible for naturalization because he is subject to a final order of removal. They argue that 8 U.S.C. § 1429 renders Petitioner ineligible for naturalization. Petitioner argues that Respondents should be precluded from relying on 8 U.S.C. § 1429.

4

Petitioner has the burden to show that he is eligible for naturalization, but in his petition, Petitioner only requests a de novo review of his final decision; he does not put forth any claim to eligibility. (Pet. at 1-2.) Moreover, Section 1429 states that "no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to [a notice to appear for removal proceedings] . . . ."[2] Petitioner was placed under removal proceedings and was ordered removed by the BIA because he was convicted of a crime involving moral turpitude. (Decision on Review of Denial of Naturalization Application at 4; Resp'ts Mem. at 3.) This court cannot, by "judicial fiat," require the Attorney General to grant Petitioner's application for naturalization, even if the Petitioner pled meritorious claims. See Ajlani, 545 F.3d at 238. It is impossible for Petitioner to obtain naturalization while his final order of removal remains outstanding. See Jaafar, 77 F. Supp. 2d at 364 (holding that petitioner could not establish eligibility for naturalization because he was subject to a final order of removal). He will never meet the burden of eligibility so long as he is subject to a final order of removal. Id. Respondents' motion to dismiss is granted.

Petitioner, however, contends in his Response to the motion to dismiss that USCIS erred in considering his application because removal proceedings were pending. (Pet'rs Resp. at 3.) He argues that, since § 1429 prevents the USCIS from considering an application for naturalization when removal proceedings are pending, the USCIS was therefore divested of jurisdiction to deny the application. (Id.) He argues that, since the USCIS erred, the Respondents should be precluded from relying on § 1429 in this court.

Petitioner appears to be correct that the USCIS erred in considering the application for naturalization while removal proceedings were pending against the Petitioner. The statute

---

[2] For the purposes of 8 U.S.C. § 1429, a notice to appear for removal proceedings is regarded as a warrant of arrest. 8 C.F.R. § 318.1.

clearly states that the Attorney General cannot consider an application for naturalization while removal proceedings are pending against an applicant. See 8 U.S.C. § 1429. Here, the Petitioner applied for naturalization on November 30, 2007, and was denied by the district director on April 17, 2009. (Resp'ts Mem. at 3, 4.) During that period, Petitioner was also in the process of appealing his order of removal. (Id. at 3.)

However, Petitioner is incorrect in asserting that this error precludes the court from relying on § 1429. Petitioner offers no legal authority to support precluding the Respondents from relying on § 1429 for purposes of this motion. Furthermore, even if the court were to deny the instant motion to dismiss, the court would not be able to compel the Attorney General to naturalize the Petitioner due to the final order of removal. See Ajlani, 545 F.3d at 238. If the court were to vacate the decision of the District Director and remand the application, the application would only be denied again due to the final order of removal. There is no possibility that Petitioner can avoid the statutory bar of § 1429, and thus, no relief can be granted. See Jaafar, 77 F. Supp. 2d at 364

IV. CONCLUSION

For the foregoing reasons, the Respondents' motion to dismiss is GRANTED WITH PREJUDICE. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
July 30, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge